IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MORSE EDWARD STEWART,

        Plaintiff,

   v.

JOSEPH R. HAWES, President and
Chief Executive Officer, HAWES
FINANCIAL GROUP, PROFESSIONAL
CREDIT SERVICE,

        Defendant.

Case No. 3:14-cv-1643-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff filed suit alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, based on defendants' attempts to collect medical debts allegedly owed by plaintiff. Defendant moves to dismiss plaintiff's claims for failure to state a claim upon which relief may be granted.[1] See

---

[1]After defendant filed the motion to dismiss, plaintiff moved for default judgment. However, defendant responded to

1    - OPINION AND ORDER

Fed. R. Civ. P. 12(b)(6). The motion is granted and this action is dismissed.

BACKGROUND

According to plaintiff's complaint and the documents attached thereto, on June 23, 2014, defendant Professional Credit Service (PCS)[2] sent plaintiff a notification that PCS sought to collect a debt in the amount of $425.13 owed by plaintiff. Pl.'s Compl. Ex. 1 (doc. 1 at 12). The notification informed plaintiff that he must either pay the debt or contact PCS "to discuss reasonable arrangements." The notice also identified a particular address to which plaintiff should direct any disputes regarding the debt. Finally, the notice identified the creditor as Providence St. Vincent.

On June 28, 2014, plaintiff sent PCS a "Debt Collector Disclosure Statement" and "Request for Bona Fide Proof of Claim." Pl.'s Compl. Ex. 2 (doc. 1-1 at 1-9).

On July 11, 2014, PCS responded and provided plaintiff with itemized billing statements from the creditor, Providence St. Vincent. The itemized billing statements indicated the medical care

---

plaintiff's complaint - through the motion to dismiss - and default is not warranted or appropriate. See Fed. R. Civ. P. 55(a) (entry of default is appropriate where the defendant "has failed to plead or otherwise defend") (emphasis added).

[2]Plaintiff names Joseph Hawes, as President and CEO of PCS, as the defendant. However, the proper defendant is PCS, as the entity that sought to collect the debt.

2    - OPINION AND ORDER

received by plaintiff's wife, the date such care was provided, the costs of the medical care, and the amount due and owing after adjustments for "Uninsured Patient Discount" and "Financial Assistance Uncollect." Pl.'s Compl. Ex. 3 (doc. 1-1 at 11-22).

On July 30, 2014, PCS again contacted plaintiff by written notice and billing statement, indicating that the amount due was now $464.06 (after additional interest was applied). Pl.'s Compl. Ex. 4 (doc. 1-1 at 23). The notice again identified Providence St. Vincent as the creditor, with the amounts due for each account with Providence St. Vincent. The notice indicated that plaintiff had not attempted to make payment arrangements and that PCS "may file a lawsuit to collect this past due balance." The notice again directed plaintiff to send any correspondence regarding disputed accounts to a particular address.

On August 12, 2014, plaintiff sent PCS a "Lawful Notification of Default" and informed defendant that it was in "default" for failing to provide a "bona fide proof of claim." Pl.'s Compl. Ex. 5 (doc. 1-1 at 24-25). On September 2, 2014, plaintiff sent PCS an "Offer to Settle" and requested payment in the amount of $2,188.49.

On October 16, 2104, plaintiff filed this action.

On November 11, 2014, defendant filed the instant motion.

## DISCUSSION

The FDCPA proscribes abusive collection practices by "any person . . . who regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). PCS does not dispute that it is a debt collector under the FDCPA. However, PCS argues that plaintiff's allegations do not state a claim under the meaning of the FDCPA. I agree.

Plaintiff alleges that PCS violated provisions of the FDCPA that prohibit threatening, abusive or harassing communications when seeking to collect a debt. See Pl.'s Compl. 5-6; 15 U.S.C. 1692d. Further, plaintiff maintains that PCS failed to validate or verify the debt after plaintiff requested validation.[3] However, the evidence attached to plaintiff's complaint belie his claims.

Section 1692d includes examples of conduct that is considered abusive or harassing:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

---

[3]Plaintiff's complaint also purports to allege claims of criminal conspiracy, unjust enrichment, bad faith, theft by deception, and fraud upon the court. Aside from the fact that plaintiff cannot pursue claims sounding in criminal law, plaintiff's complaint does not allege that PCS acted fraudulently; plaintiff does not allege that PCS acted in bad faith to collect a fraudulent or invalid debt. In fact, PCS was entitled to rely on the itemized billing statements from Providence St. Vincent to establish the validity of the debt. See Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1174 (9th Cir. 2006) (FDCPA does not impose on a debt collector "any duty to investigate independently the claims" presented by a creditor).

4   - OPINION AND ORDER

> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.

Here, plaintiff makes no allegation that PCS engaged in conduct similar to that enumerated above. Plaintiff alleges no threats, no profane language, no publication or advertising of debt, and no continuous or anonymous phone calls on the part of PCS. Rather, plaintiff alleges that PCS sent written correspondence two or three times over a two-month period, none of which contained threatening or harassing language. Further, plaintiff alleges merely that PCS indicated it would be "forced to proceed" and that PCS "may file a lawsuit." Such statements do not violate § 1692d as a matter of law. Further, plaintiff does not allege false or deceptive misrepresentations on the part of PCS, and the documents attached to plaintiff's complaint do not support such a claim in any event. 15 U.S.C. § 1692e.

Plaintiff also alleges that PCS failed to verify the debt after plaintiff asked that it do so. Section 1692g requires a debt

5   - OPINION AND ORDER

collector to obtain verification of the debt upon request of the consumer and to cease collection efforts until such verification is mailed to the consumer. See 15 U.S.C. § 1692g(b); Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1173 n.9 (9th Cir. 2006). As evidenced by documents attached to plaintiff's complaint, PCS obtained verification of the debt from Providence St. Vincent and did not resume collection of the debt until such verification was mailed to plaintiff. See Pl.'s Compl. Exs. 3-4. To the extent plaintiff argues that the verification provided by PCS was deficient, plaintiff is incorrect.

In Clark, the Ninth Circuit found that verification efforts similar to those of PCS satisfied the requirements of the FDCPA. Specifically, the court stated:

> Undisputed facts demonstrate that, upon the Clarks' request for verification, Capital obtained information from Dr. Evans about the nature and balance of the outstanding bill and provided the Clarks with documentary evidence in the form of the itemized statement. Hasson also sent the Clarks a copy of the itemized statement, which he had received from Capital. Within reasonable limits, Capital and Hasson were entitled to rely on their client's statements to verify the debt. Moreover, the FDCPA did not impose upon them any duty to investigate independently the claims presented by Dr. Evans.

Clark, 460 F.3d at 1174 (caselaw citations omitted). Here, PCS likewise obtained from Providence St. Vincent information "about the nature and balance of the outstanding bill," and PCS provided plaintiff "with documentary evidence in the form of the itemized statement[s]." Id. The FDCPA requires nothing more of PCS.

6 - OPINION AND ORDER

In sum, plaintiff fails to state viable claims that PCS violated any provision of the FDCPA, and the remainder of plaintiff's claims are not cognizable or supported by plaintiff's allegations.

## CONCLUSION

Defendant's Motion to Dismiss (doc. 5) is GRANTED, plaintiff's Motion for Default (doc. 6) is DENIED, and this action is DISMISSED. All other pending motions (docs. 7, 10, 11) are DENIED as moot.

IT IS SO ORDERED.

Dated this 10th day of February, 2015.

_____
Ann Aiken
United States District Judge